574 F.2d 607
 187 U.S.App.D.C. 396, 8 Envtl. L. Rep. 20,280
 COUNTY OF LOS ANGELES, CALIFORNIA, a Political Subdivision
of the State of California, Appellant,
v.
The Honorable Brock ADAMS, Secretary of Transportation of
the United States, et al., Appellees.
 No. 76-2089.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Dec. 13, 1977.
Decided March 7, 1978.
 
 Donald A. Carr and Charles S. Rhyne, Washington, D. C., with whom William S. Rhyne, Washington, D. C., was on the brief, for appellant. Richard J. Bacigalupo, Washington, D. C., also entered an appearance for appellant.
 Thomas J. Tourish, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, William D. Pease and Robert M. Werdig, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees. Richard A. Graham, Asst. U. S. Atty., Washington, D. C., at the time the case was docketed, also entered an appearance for appellees.
 Floyd W. Taylor, Oklahoma City, Okl., was on the brief for State of Oklahoma, et al., amici curiae.
 Walter A. McFarlane, Deputy Atty. Gen., Richmond, Va., was on the brief for Commonwealth of Virginia, amicus curiae.
 Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 Appellant challenges the Secretary of Transportation's regulations governing the planning and processing of urban mass transportation and highway projects for which federal funding is sought.[1] These rules require a metropolitan planning organization, designated by the involved state and composed of representatives of its local governments, to endorse a project's consistency with a long-range plan before the state may request federal aid.[2] Appellant contends that the regulations exceed the Secretary's statutory authority and contravene the Tenth Amendment. The District Court dismissed the complaint,[3] and we affirm.
 
 
 2
 The District Court's thorough opinion, with which we are in general agreement, disposes of most of appellant's arguments. We think, however, that a clear understanding of our disposition of this appeal is assisted by reference to the plain language of the relevant statutes. Section 105(d), as amended in 1973, provides that "the Secretary shall require that such projects be selected by the appropriate local officials with the concurrence of the state highway department . . . and . . . in accordance with the planning process required pursuant to Section 134 of this title."[4] Section 134 prohibits the Secretary's approval of urban projects "unless he finds that such projects are based on the continuing comprehensive transportation planning process carried on cooperatively by States and local communities in conformance with the objectives stated in this section."[5]
 
 
 3
 Appellant admits that the Secretary has properly insisted that planning be done by the metropolitan planning organizations[6] but asserts that they cannot permissibly be allowed to select the projects to be funded. Since, however, as Section 105(d) makes plain, programming must be in accordance with planning and of course planning would be a waste of time were it otherwise[7] the regulations appear on their face to be a reasonable means of effectuating the statutory command. We will not presume that should they prove unsuccessful after a fair trial[8] the Secretary would arbitrarily fail to modify or abandon them.[9]
 
 
 4
 We add, too, that the Tenth Amendment contention, even assuming the County has standing to press it, is equally unpersuasive. In no way does the administrative scheme diminish the states' sovereign powers or undercut their ability to discharge their sovereign responsibilities.[10] If a state is empowered by its constitution and laws to order local jurisdictions not to participate in the planning and programming process and hence to forgo the opportunity to seek federal funding nothing in the challenged rules prohibits it from doing so. Consequently, any impact on the states from observance of the regulations is but a necessary concomitant of Congress' evident desire to assure that federal funds be spent wisely.
 
 
 5
 The judgment of the District Court appealed from is accordingly
 
 
 6
 Affirmed.
 
 
 
 [1]
 23 C.F.R. §§ 450.100-.320 (1976) (highways); 49 C.F.R. §§ 613.110-. 300 (1976) (mass transportation)
 
 
 [2]
 23 C.F.R. § 450.316 (1976). The state may reject proposals endorsed by a metropolitan planning organization but may not solicit funding for projects not so endorsed. Id. § 450.318(b)
 
 
 [3]
 County of Los Angeles v. Coleman, 423 F.Supp. 496 (D.D.C.1976)
 
 
 [4]
 23 U.S.C. § 105(d) (Supp. V 1975) (emphasis supplied)
 
 
 [5]
 Id. § 134(a)
 
 
 [6]
 See also 23 U.S.C.A. § 104(f)(3) (Supp.1977) (federal planning funds "shall be made available by the State to the metropolitan planning organization designated by the State as being responsible for carrying out the provisions of section 134"). In even more recent legislation, Congress again referred to "the metropolitan planning organization designated to conduct the continuing, cooperative and comprehensive transportation planning process for the area under Section 134 of title 23. . . ." Clean Air Act Amendments of 1977, Pub.L. No. 95-95, § 129(b), 91 Stat. 748-749 (1977) (adding § 174(a) to Clean Air Act)
 
 
 [7]
 And it also seems sensible to leave to the planning organization, instead of to the Secretary, the decision on priorities when local governments have submitted more projects than can be funded
 
 
 [8]
 Congress has ordered the Secretary to study urban system planning and programming, but has not reacted to the final report. See Federal Aid-Highway Act of 1976, Pub.L. No. 94-280, § 149, 90 Stat. 447
 
 
 [9]
 Indeed, in response to the contentions of appellant and others, these regulations have been interpreted administratively as embodying more flexibility than might appear on their face. See Brief for Appellee at 28-30
 
 
 [10]
 Compare National League of Cities v. Usery, 426 U.S. 833, 851-852, 96 S.Ct. 2465, 2473-2474, 49 L.Ed.2d 245, 257-258 (1976)